IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VINCENT LEE WALKER,

    **Plaintiff,**

    v.                                                                           CASE NO. 23-3150-JWL

DOUGLAS COUNTY, KANSAS,
BOARD OF COMMISSIONERS,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Vincent Lee Walker, who is currently being held at the Douglas County Jail in Lawrence, Kansas, filed this pro se 42 U.S.C. § 1983 action (Doc. 1) against the Douglas County, Kansas, Board of Commissioners, alleging that his Eighth Amendment rights were violated in March 2020 when an unprovoked Douglas County Jail officer pepper sprayed and beat him, after which Plaintiff was denied medical care. Plaintiff seeks damages of $12,000,000.00. *Id.* Plaintiff also filed a motion to proceed in forma pauperis. (Doc. 2.)

On June 27, 2023, the Court issued a Memorandum and Order (M&O) explaining that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g), which means that he may proceed in forma pauperis in this action only if he establishes a threat of imminent danger of serious physical injury. *Id*. The M&O further explained that the Court had carefully considered the complaint and concluded that Plaintiff had not presented "'specific, credible allegations of imminent danger of serious physical harm,'" which are required to overcome the three-strikes provision. *See id.*; *see also Johnson v. Little*, 852 Fed. Appx 369, 371 (10th Cir. 2021) (unpublished) (quoting *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001) (internal quotation

1

marks omitted)). Thus, the Court denied the motion to proceed in forma pauperis in this action and gave Plaintiff to and including July 27, 2023 to pay the full $402.00 district court filing fee to the Court. (Doc. 3.) The M&O cautioned Plaintiff that if he does not pay the full filing fee "within the prescribed time, the complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914." *Id.*

The matter comes now before the Court on Plaintiff's response to the M&O. (Doc. 4.) First, the Court addresses Plaintiff's assertion that the M&O falsified his testimony by stating that he "was not denied medical care" after being pepper-sprayed and physically attacked. *Id.* at 2. Understandably, Plaintiff is concerned that the Court is misconstruing the allegations in his complaint. The Court assures Plaintiff that the statement that he "was not denied medical care" in the M&O was merely a typographical error. The Court understands and acknowledges that Plaintiff alleges he was denied medical care and that he alleges he was not allowed to take a shower to wash off the pepper spray.

Plaintiff also asserts in the response that he is in imminent danger. *Id.* at 1. He advises the Court that the officer who allegedly pepper sprayed him and beat him up is now a deputized Sheriff's officer who carries a gun and bullets with which he could shoot Plaintiff. Plaintiff also alleges that "most of the officers" who witnessed the pepper spraying and physical attack yet would not answer when Plaintiff pressed his emergency call button still work at the Douglas County Jail. Plaintiff contends that "[t]he Officers have threatened [his] life." *Id.*

Liberally construing this response, as is appropriate since Plaintiff proceeds pro se, it appears that Plaintiff wishes the Court to reconsider the denial of his motion to proceed in forma pauperis. Even with the additional information included in this response, the Court maintains its initial conclusion that Plaintiff has not alleged "'specific, credible allegations of imminent danger

of serious harm'" that are sufficient to meet the exception to the prepayment requirement for a prisoner who has three strikes under 28 U.S.C. § 1915(g).

"Vague and utterly conclusory assertions [of danger] are insufficient." *Davis v. GEO Group Corr.*, 696 Fed. Appx. 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id.* (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.' " *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.' " *Id.* (citation omitted).

As noted in the M&O, the allegations in Plaintiff's complaint relate to events that occurred in March 2020. (Doc. 1, p. 2.) Although the complaint explains that Plaintiff has "been afraid to come forward about this because COPS have guns and there are many of them and only one" of Plaintiff, the complaint did not make specific allegations about any threats toward Plaintiff. *See id.* at 3. The additional allegations included in the response are insufficiently specific. Generally asserting that officers have threatened his life, without identifying individual officers who have done so and without providing details about how those threats occurred, is not specific enough to satisfy 28 U.S.C. § 1915(g). Moreover, the fact that the officer accused of violating Plaintiff's constitutional rights now carries a loaded gun does not in and of itself constitute a specific or credible allegation that Plaintiff is in imminent danger of serious physical harm.

3

**IT IS THEREFORE ORDERED BY THE COURT** that the response (Doc. 4) is construed as a motion to reconsider the denial of Plaintiff's motion to proceed in forma pauperis and, as such, is denied. Plaintiff remains obligated to submit the $402.00 filing fee on or before July 27, 2023. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice. The Court further acknowledges the phrase "Plaintiff was not denied medical care" on page one of its June 27, 2023 Memorandum and Order (Doc. 3) includes a typographical error and should read "Plaintiff was denied medical care."

**IT IS SO ORDERED**.

Dated on this 5th day of July, 2023, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge